United States District Court
Southern District of Texas
**ENTERED**
September 24, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REGINALD RIDEOUT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-20-2053 |
| | § | |
| EXXON MOBIL CORPORATION, et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

This dispute has a very old origin, but the age of the dispute does not make it stronger for the plaintiff. Reginald Rideout sued Exxon Mobil Corporation; Sunoco, Inc.; Chevron Corporation; and Caskids Operating Company, seeking title and possession to real property (Docket Entry No. 2). Rideout disputes the validity of 85-year-old unrecorded transfers of land from his long-deceased great-grandparents. Rideout also seeks judgment under the Declaratory Judgment Act, 28 U.S.C § 2201, et seq. and Federal Rule of Civil Procedure 57. (*Id.* at 1). The complaint alleged a federal question under 28 U.S.C. § 1331 as the sole basis for this court's federal subject-matter jurisdiction. (*Id.* at 2). Rideout asserts that the Declaratory Judgment Act and Federal Rule of Civil Procedure 57 provide the basis for federal-question jurisdiction. (*Id.*).

Chevron moved to dismiss for lack of subject-matter jurisdiction and lack of personal jurisdiction under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(2), (Docket Entry Nos. 12, 14), and Rideout responded. (Docket Entry No. 18). Exxon also moved to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). (Docket Entry No. 19). The threshold issue is this court's jurisdiction to decide Rideout's claims.

Rideout, Exxon, Sunoco, and Caskids are all citizens of Texas.  (*Id.* at 1–2).  Chevron is a Delaware corporation with its principal place of business in California. (Docket Entry No. 12-1; Docket Entry No. 14 at 5).

Based on the pleadings, the motions and responses, the record, the arguments of counsel at a hearing held in September 2020, and the applicable law, the court dismisses this case, without prejudice, for lack of jurisdiction.  The reasons are set out below.

I.   **The Legal Standards**

   A.  **Subject-Matter Jurisdiction**

Because federal courts have limited subject-matter jurisdiction, *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), they "have a continuing obligation to examine the basis for their jurisdiction."  *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). "The issue may be raised by the parties, or by the court *sua sponte*, at any time."  *Id.*

The burden to establish federal jurisdiction is on the party invoking jurisdiction.  *Howery* 243 F.3d at 916.  Federal-question jurisdiction exists if a plaintiff's well-pleaded complaint raises a claim that arises under federal law.  28 U.S.C. § 1331.  United States district courts also have original jurisdiction in civil actions between citizens of different states when the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.

Federal Rule of Civil Procedure 12(b)(1) governs dismissal for lack of subject-matter jurisdiction.  "Under Rule 12(b)(1), a claim is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim."  *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (quotation omitted).

"Courts may dismiss for lack of subject matter jurisdiction on any one of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

### B. Personal Jurisdiction

Federal Rule of Civil Procedure 12(b)(2) governs dismissal for lack of personal jurisdiction. The plaintiff bears the burden of establishing jurisdiction by prima facie evidence. *Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 336 (5th Cir. 2020). "To determine whether the plaintiff has met this burden, the court can consider the assertions in the plaintiff's complaint, as well as the contents of the record at the time of the motion." *Id.* (quotation omitted). The court "must accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 869 (5th Cir. 2000) (quoting *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999)). The court is not obligated to credit conclusory allegations, even if uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001).

A federal court sitting in diversity may exercise personal jurisdiction over a nonresident defendant if the long-arm statute of the forum state confers personal jurisdiction over that defendant and the exercise of jurisdiction by the forum state is consistent with due process under the United States Constitution. *Frank*, 947 F.3d at 336. The Texas long-arm statute confers jurisdiction to the limits of due process. *Id.* Due process permits the exercise of personal jurisdiction over a nonresident defendant when that defendant has "minimum contacts" with the forum state and the exercise of jurisdiction over the defendant does not offend "traditional notions

of fair play and substantial justice." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (quoting *Wilson*, 20 F.3d at 647). Rideout has the burden of demonstrating facts sufficient to establish a prima facie case for personal jurisdiction over Chevron.

"Specific jurisdiction applies when a non-resident defendant 'has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.'" *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 539 (5th Cir. 2019) (quoting *Panda Brandywine Corp.*, 253 F.3d at 868). "The non-resident's purposeful availment must be such that the defendant should reasonably anticipate being haled into court in the forum state." *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 419 (5th Cir. 1993) (quotation omitted).

When the cause of action does not arise from or relate to the foreign defendant's purposeful conduct within the forum state, general jurisdiction may apply. "General jurisdiction exists over a non-resident defendant when its 'affiliations with the State are so continuous and systematic' as to render them essentially at home in the forum State." *Frank*, 947 F.3d at 336 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). The paradigm forums for the exercise of general jurisdiction over a corporation are its place of incorporation and its principal place of business. *Goodyear*, 564 U.S. at 924.

**II.     Analysis**

**A.  Subject-Matter Jurisdiction**

To support federal-question jurisdiction, a complaint must raise a disputed issue of federal law. *See Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). Rideout asks the court to rule on his state-law claims for trespass to try title and to quiet title. (Docket Entry No. 2 at 4). Rideout also asks the court for a declaratory judgment under 28 U.S.C

§ 2201, which he asserts, along with Federal Rule of Civil Procedure 57, as the basis for the court's federal-question jurisdiction. (Docket Entry No. 2 at 2). The Declaratory Judgment Act is a procedural statute only; it does not confer jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671, 70 S. Ct. 876, 879, 94 L. Ed. 1194 (1950). Nor do the Federal Rules of Civil Procedure provide a basis for jurisdiction. *See Rush v. Webster Cty. Dep't of Human Servs.,* No. 1:18-CV-00171-GHD-RP, 2018 WL 5298148, at *2 (N.D. Miss. Oct. 25, 2018). The court does not have federal-question jurisdiction over Rideout's state-law claims because they do not arise under federal law.

Rideout has not pleaded diversity of citizenship as a basis for this court's jurisdiction, and his pleadings foreclose it. The pleadings and record show that there is not complete diversity between the parties. All the parties are citizens of Texas except Chevron. (Docket Entry No. 2 at 1–2). Chevron is a Delaware corporation with its principal place of business in California.[1] (Docket Entry No. 12-1; Docket Entry No. 14 at 5).

Chevron's citizenship does not help Rideout because complete diversity is still lacking, and because the court lacks personal jurisdiction over Chevron. Chevron lacks minimum contacts in Texas. It does not conduct business, own any property, or maintain bank accounts in this state. (*Id.*). Rideout has not made specific allegations that Chevron or any alleged predecessor company was one of the "various oil companies" that occupied the disputed property. (*See* Docket Entry No. 2 at 3). The court's lack of personal jurisdiction over Chevron is an independent basis to dismiss the claims against Chevron.

### III. Conclusion

---

[1] Rideout asserts that Chevron is incorporated in California, but he provides no further support for that assertion. (Docket Entry No. 2 at 2). The court need not credit this conclusory allegation. *See Panda Brandywine Corp.*, 253 F.3d at 868. In any event, there is no dispute that Chevron is a foreign corporation.

Chevron's motion to dismiss, Docket Entry No. 12, is granted. Exxon's motion to dismiss, Docket Entry No. 19, is also granted. This case is dismissed without prejudice for lack of jurisdiction.

SIGNED on September 24, 2020, at Houston, Texas.

                                              Lee H. Rosenthal
                                    Chief United States District Judge